IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 19 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ONI ROBERTS

    PLAINTIFF

Vs.

STATEBRIDGE COMPANY, LLC

    AND

PRIMESTAR FUND 1 TRS, INC

    DEFENDANT(S)

CASE # 1:18-cv-03000-MHC-AJB

---

| ONI ROBERTS- IN PRO PER | BRET J. CHANESS |
|---|---|
| PLAINTIFF | ATTORNEY FOR DEFENDANT |
| 5371 CHARITY WAY | 3745 AVALON RIDGE PLACE |
| STONE MOUNTAIN, GA 30083 | SUITE 100 |
| (404) 518- 6496 | PEACHTREE CORNERS, GA |
| | (770) 246-3300 |
| | (678) 245-4808 |

---

### PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS

    **COME NOW**, Plaintiff Oni Roberts to object to the Defendants (Motion to Dismiss) and states the following in support against Defendants. Fed. R. Civ. P. 12(b) (6) in error of the facts in the State of Georgia Law.

.1

## PLAINTIFF'S STATEMENT OF FACTS

Defendants have admitted to not answering Plaintiffs QWR for Validation of Debt demand, and again request the Honorable Court to let that demand be a violation of 15 U.S.C. § 1692 and grounds for a ruling in favor of the Plaintiff as the law states. Defendant has admitted to (5) endeavors and makes this a miscarriage of justice based on the legal principles of facts to substantiate Plaintiffs Claims of misconduct.

### A. Rightful Title belongs to the Plaintiff

The property was lawfully conveyed to the Plaintiff which knows nothing of a Special Warranty Deed, and was then assigned to U.S. Bank National Association, as Trust for PROF- 2013 – S3 REMIC Trust III, by virtue of Bogus Assignments created by the Defendants on <u>December 16, 2014</u> also on <u>December 26, 2014</u> and makes it hard to believe a Closing or Title Company was open for business on that holiday week and proof, All Defendants also are in violation of the Servicer Performance Agreement due to its poor bookkeeping of accounts also a violation of the **REMIC LAW** which is a Tax Violation under the IRS that has criminal intent to defraud the Government!

Unsigned documents proved to be invalid which is why the (3) **CRA** (credit reporting agency) cannot report a debt. This allows them to qualify as a Real Estate Mortgage Investment Conduit (REMIC), rather than an ordinary Real Estate Investment Trust **(REIT).** As long as the (Mortgage Backed Security) **MBS** is a qualified REMIC, no income tax will be charged to the MBS. For purposes of this action, Trust and MBS are interchangeable. REMIC- Under the Internal Revenue Code)(CODE), the issuance of **CMBS** involves the formation of a REMIC, a legal entity governed by Section 860A through 860G of the code. The REMIC is a TRUST or other entity which holds commercial mortgages and pays the interest and principal it receives from those mortgages to its owners, the holders of CMBS. An entity which complies with the REMIC rules is treated as a pass-through entity for tax purposes ,ie, the income it receives is taxed to the (Commercial Mortgage Backed Securities) CMBS holders, but the REMIC itself does not owe any Tax. Congress and the IRS have been concerned that the exemption from entity-level tax granted to REMIC; not be available to entities engaged in an active business, But only to entities that serve as passive investment vehicles. According, Tax Rules prohibit a REMIC from, among other things.

Now it is stated by the Defendants that Mr. Robert's default under the terms of the Security Deed, that the Property was sold at foreclosure on October 6, 2015, which is in error of the facts, and then purchased by Wilmington as the best and highest bidder. Then on December 11, 2015, Wilmington conveyed the Property to Primestar by virtue of the Special Warranty Deed recorded on December 17, 2015 which is a Remic violation for failure to attach the Taxes paid for with affidavit and part of a cover-up by way of a Special Warranty Deed, as a Special Warranty Deed is not proof of ownership nor a valid lien which the Plaintiff has demanded to review in vein of the facts;

a) Based on the (facts) that Defendant's admitted to, in their Motion To Dismiss, a bogus Security Deed was assigned twice. First on March 19, 2014 (the "First Assignment"), from Bank of America, N.A. to U.S. National Association as Trustee for PROF-2013-S3 REMIC Trust III ("U.S. Bank"), by virtue of the Assignment of Security Deed recorded on June 24, 2014, in Deed Book 24438, Page 660, Dekalb County, Georgia records (the "First Assignment"). Second, U.S. Bank assigned the Security Deed to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely Trustee for the PrimeStar-H Fund I Trust ("Wilmington"), on

December 16, 2014, by virtue of the Assignment of Security Deed recorded on December 26, 2014, in Deed Book 24720, Page 754, DeKalb County, Georgia records (the "Second Assignment"), Defendants did not have the legal authority to act as agents to Foreclose on Plaintiff which made Plaintiff the injured party in this claim, based on Defendant's admitting to the exact dates of the non legal nor lawful (Assignments). Again, based on Defendant's admitting to December 16, 2014, as the date the alleged Assignment of Security Deed was conveyed by virtue, at that time Defendants did not have a valid conveyed Trust to act as agents to Foreclose on Plaintiff which made Plaintiff, again, the injured party. Defendants began "accelerated foreclosure" on October 17, 2014 and at that time the Defendants did not have the legal authority to foreclose according to the conveyance allegedly being done on December 16, 2014 and December 26, 2014 which are both 2 months prior to the allege legal conveyance that gives Defendants the legal right to foreclose in the State of Georgia.

### B. Plaintiffs Prior Litigation by the courts was Palpable Error

(1) Plaintiff-Oni Roberts has made (5) separate actions, which is true, as Defendant's (5) times over, have not stated a true bill nor proof of claim. The

assignments are for a fact, bogus at best and without merit and not the proper grounds for a foreclosure action.

(2) The Linda Green – [Legally Confirmed Robo Signer] trial is case law in support of how deep this paper problem is in the State of Georgia and must be stopped or no one will be safe or have a right to property if these bogus documents are given the light of day. In the Linda Green Case, people were given Quiet Titles based on proof of claim, now it is Plaintiffs turn. This is why Plaintiff objected to the Courts [Report and Recommendation] – Exhibit E.

(3) On May 4, 2016, a requested Writ of Possession was in error of the facts, and grounds for review, which is Plaintiff's complaint and claim for this action.

(4) True – Plaintiff challenge's the foreclosure and assignments, the fraud and misrepresentation of the documents in this action as the action was [NEVER PROPERLY] heard in open court. This is a major error as Plaintiff has a right to be heard, that until an action is litigated properly and legally, any ruling is in error of the State of Georgia court rules.

C. **Plaintiffs Valid Causes of Action**

Plaintiff has always stated: Servicing Fraud, Violation of Deceptive Trade Practices Act Based on Uncertified Assignment Documents which [has] created a Credit Default Swap Causing an Unjust Enrichment and Demand for Quiet Title. The facts did not change, nor the challenging of the bogus assignments and bogus Special Warranty Deed which has no standing nor legal right nor valid claim.

The Uniform Commercial Code is clear, Defendants have violated UCC-Articles 3-9 and with malice. Based on the Defendants [NOT] answering the first (5) requests from Plaintiff, Plaintiff now demands a response, and the court rule Fed. R. Civ. P. 12(b) (6) is invalid after the Defendant has stated a request was made (5) times!

## DEFENDANTS ARGUMENT IS WITHOUT STANDING

A.  **STANDARD OF REVIEW**

U.S. BANK NATIONAL ASSOCIATION v Ibanez and Wells Fargo Bank, N,A  v  LaRace ,458 MASS.637 (2011). This court case states Plaintiff's actions and proof of claim are valid which is untrue and without merit. Defendants

know of this action and it means nothing! Plaintiff has a plausible claim for relief with applicable legal conclusions.

**B.     PLAINTIFF'S CLAIMS HAVE (5) TIMES WENT UNANSWERED**

Defendant has admitted to (5) requests. At what point are Defendants in default: the law is clear, one request- one answer- or default.

The court can only consider three issues, First issue, are the documents valid, [NO]. Second issue, was there a default, [YES] For violation of U.S.C. §1692. Third issue, do these parties, the Defendant's in this case, have standing to foreclose, or have the right to foreclose.

1) The court entered a final judgment, based on a 12 (b) (6). This again is a violation of U.S.C.§ 1692. The truth is hard to come by and now it is time.

2) The court never had jurisdiction based on Defendants bogus paperwork also an attorney who knew how to make documents prima facia at best and the court did not challenge the documents for some reason.

3) True – to any Defendants is fact of no true Defendant with a true bill, also has no privies in this action. The REMIC is true proof of the violation of privity by Primestar.

The Assignments is fraudulent and therefore, it is void as a matter of law. Because everything that flows from this is tainted with fraud and must be revoked. See, e.g. **Wolcott v Winchester 81 Mass, 461, 465 (1860)** the possession of the debt [is] essential to an effective mortgage…without it [one cannot] maintain an action to foreclose the mortgage, also **FRAUDULENT CONCEALMENT -** When a person sustains to another a position of trust and confidence, his failure to disclose facts that he has a duty to disclose is a fraud as an actual misrepresentation Blanton v. Sherman Compress Co., 256 S.W. 2d 884, 1953.

DLJ CAPITAL, INC. v. PARSONS, CASE NO. 07-MA-17 (2008)   A genuine issue of material fact existed as to whether or not appellee was the real party in interest as there was no evidence on the record of an assignment.  Reversed for lack of standing.  Also the Court of Appeals case also ruled that the servicer doesn't have standing to foreclose. Court of Appeals of Michigan case, RESIDENTIAL FUNDING CO, LLC f/k/a, RESIDENTIAL FUNDING CORPORATION Plaintiff-Applebee - v- GERALD SAURMAN Defendant-Appellant, No290248, KENT CIRCUIT COURT, LC No. 08-011138-AV and BANK OF NEW YORK TRUST COMPANY Plaintiff- Appellant -v- COREY

MESSNER Defendant-Appellant, No. 291443, JACKSON CIRCUIT COURT, LC No. 08-003406-AV

U.S. BANK NATIONAL ASSOCIATION v. Ibanez and Wells Fargo Bank, N, A v LaRace, 458 MASS.637 (2011).

4) The factual issues must be resolved in this action for the final time so that Plaintiff can move on with Plaintiffs life and also home without Defendants. The court must demand the Defendants either bring documents in support of a valid claim or the Plaintiff will be granted a Quiet Title Action.

ELKINS v. UNITED STATES, 364 U.S. 206?? No.126.

Argued March 28-29, 1960.

In a government of laws, said Mr. Justice Brandeis, existence of the government will be imperiled if it fails to observe the law scrupulously, Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy. 277 U.S., AT 485.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully request that this Court grant the Plaintiffs request for a Quiet Title Action and Deny Defendants Motion as Moot based on Defendants lack of standing.

**WHEREFORE, PLAINTIFF/POSSESSOR ONI ROBERTS REQUESTS THE HONORABLE COURT GRANTS THE CLAIM IN THIS COMPLAINT:**

A. Determine that Plaintiff is the Fee Simple Title Holder to the Subject Property,

B. Determine that Defendant's interests, if any, are declared invalid and forever Extinguished; and

C. Return the property to its rightful owner, and double its value of Two Hundred and Fifty Thousand Dollars, and Zero Cents, $250,000.00 for defending the fraudulent action and void Ab initio, void from the beginning.

Dated: July 18, 2018

Respectfully submitted,

*[signature]*

ONI ROBERTS, In Pro Per
5371 CHARITY WAY
STONE MOUNTAIN, GA 30083
(404) 518-6496


BRET J. CHANESS (GA Bar No. 720572)
COREY ROTHSCHILD (GA Bar No. 604149)
**RUBIN LUBLIN, LLC**
ATTORNEY FOR DEFENDANT
3145 AVALON RIDGE PLACE, SUITE 100
PEACHTREE CORNERS, GA 30071

(678) 281-2730 (Telephone)

(404) 921-9016 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby Certify, that I have this 18th day of July, 2018, served a true and correct copy of the foregoing, upon defendants, through their attorney on file via USPS First Class Mail, proper postage affixed and addressed as follows:

BRET J. CHANESS (GA Bar No. 720572)
COREY ROTHSCHILD (GA Bar No. 604149)
**RUBIN LUBLIN, LLC**
ATTORNEY FOR DEFENDANT
3145 AVALON RIDGE PLACE, SUITE 100
PEACHTREE CORNERS, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)

Certified Mail: 7016 1370 0001 1535 6828
USPS: 9590 9402 3247 7196 0638 24

Oni Roberts, In Pro Per
5371 Charity Way
Stone Mountain, GA 30083
(404) 518-6496

Everything is true and correct and signed on this 18th, day of July, 2018.

United States District Court Northern Division of Georgia
Sent to: 75 Ted Turner Dr. NW Suite 2211
Atlanta GA 30303
Certified Mail: 7017 1000 0001 0053 3336
USPS Mail: 9590 9402 2774 6351 8388 04

PRESS FI[RMLY]

**PRIORITY MAIL**

- DATE OF DELIVERY SPECIFIED*
- USPS TRACKING™ INCLUDED*
- INSURANCE INCLUDED*
- PICKUP AVAILABLE
  * Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

U.S. POSTAGE PAID
DECATUR, GA
30030
JUL 18, 18
AMOUNT
$12.90
R2304P118866-31

1006   30303

7012 1000 0001 0053 3336

FROM: Oni Roberts
5371 Charity Way
Stone Mountain, GA 30083

RETURN RECEIPT REQUESTED

TO:
United States District Court
Northern Division Atlanta GA
75 Ted Turner Drive NW Suite 2211
Atlanta, GA 30303

EP14F July 2013
OD: 12.5 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES POSTAL SERVICE®